_____

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DIVISION, DISTRICT OF UTAH
_____

|  |  |
|---|---|
| WAYNE WONG and MARIA WONG, | : |
| Plaintiffs, | Civil No. 2:11-cv-01009 |
| vs. | REPORT & RECOMMENDATION |
| GARY FAIRMAN, clerk of the Third Judicial District Court; MARK S. SWAN; SWAN LAW FIRM, PLLC; AURORA LOAN SERVICES, LLC; and BANK OF AMERICA, NA | JUDGE DEE BENSON MAGISTRATE JUDGE BROOKE C. WELLS |
| Defendants. |  |

_____

On November 1, 2011, plaintiffs Wayne and Maria Wong filed a document entitled "For The Claim Of The Violation of the False-Claims-Act of the evidence "Unlawful Detainer"-Void-Now-Time.  For the Plaintiff is with the Demanding by trial by

the Jury".[1]   In response, defendants Mark Swan and the Swan Law Firm,[2] Aurora Loan Services[3] and Bank of America, N.A.[4] all filed motions to dismiss for failure to state a claim.[5]  The defendants collectively seek dismissal on the grounds that they are unable to discern the theories and allegations against them, and therefore unable to provide appropriate responsive pleadings.  Plaintiffs have not to oppose any of the pending motions.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] Additionally, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal is proper if the plaintiff fails to set forth allegations to state a claim that is plausible on its face.[7] A review of plaintiffs' complaint reveals a document that fails to set forth any cognizable allegations or facially plausible claims.  Specifically, the complaint does not present any delineated causes of action, contains unintelligible statements and randomly references rules, acts and other non-existent sources of law.  It is impossible to discern the

---

[1] Document Number 1.

[2] Document Number 4.

[3] Document Number 8.

[4] Document Number 10.

[5] On November 4, 2011, plaintiffs filed a summons and proof of service on defendant Gary Fairman.  It appears, however, that service on Mr. Fairman was ineffective.  *See,* Document Number 2 (summons served on "Amber" and appropriate identifiers missing).

[6] Fed. R. Civ. P. 8(a).

[7] Fed. R. Civ. P. 12(b)(6).  *See also*, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

underlying facts upon which the claims, if any, are based and it is unclear what relief is sought.

Accordingly, pursuant to the requirements of federal rules 8(a) and 12(b)(6), the court hereby recommends that defendants' motions to dismiss be granted. Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file a specific written objection within fourteen days (14) days after being served with a copy.[8] Failure to object may constitute a waiver thereof.

DATED this 1st day of May, 2012.

BY THE COURT:

Brooke C. Wells
United States Magistrate Judge

---

[8] Fed. R. Civ. P. 72(b)(2).